IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



JOSE HERNANDEZ                                            PLAINTIFF

VS.                                                      CIVIL ACTION NO.: 1:20cv364 LG-JCG

INDUSTRIAL SPECIALISTS, LLC;
BRANDSAFWAY, LLC; CHEVRON U.S.A. INC.;
and JOHN AND JANE DOES 1-10                         DEFENDANTS

COMPLAINT
(Jury Trial Demanded)

Plaintiff, JOSE HERNANDEZ, by and through his attorney of record, and file this Complaint against INDUSTRIAL SPECIALISTS, LLC (hereinafter "Defendant Industrial"); BRANDSAFWAY, LLC (hereinafter "Defendant BrandSafway"); CHEVRON U.S.A. INC. (hereinafter "Defendant Chevron"); and JOHN AND JANE DOES 1-10 in support of this Complaint, Plaintiffs would show unto this Honorable Court the following facts and matters, to-wit:

PARTIES

1. Plaintiff, Jose Hernandez (hereinafter "Plaintiff Jose") is an adult resident of Hidalgo County, Texas who maintains his primary domicile at 1208 South 18th Street, Donna, Texas 78537.

2. Defendant Industrial Specialists LLC is a Delaware corporation conducting business in the State of Mississippi, with its principal place of business located in Cobb County at 1325 Cobb International Drive, Kennesaw, Georgia 30152. The sole member of this LLC is BrandSafway LLC located at the same address of 1325 Cobb International Drive in Kennesaw, Georgia 30152. BrandSafway LLC is a Delaware corporation conducting business in the State of Mississippi, with no listed members.

1

Process may be served upon said Defendant through its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure.

3. Defendant BrandSafway, LLC is a Delaware corporation conducting business in the State of Mississippi, with its principal place of business located in Cobb County at 1325 Cobb International Drive, Kennesaw, Georgia 30152. Defendant has no listed members, but the officers and directors of Defendant are listed at the same address of 1325 Cobb International Drive in Kennesaw, Georgia 30152. Process may be served upon said Defendant through its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure.

4. Defendant Chevron U.S.A. Inc. is a Pennsylvania corporation conducting business in the State of Mississippi, with its principal place of business located at 6001 Bollinger Canyon Road, San Ramon, California 94583. Process may be served upon said Defendant through its registered agent, CSC of Rankin County Inc., at Mirror Lake Plaza; 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232 by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure.

5. Defendants John and Jane Does 1-10 are presently unknown and unidentifiable culpable persons and/or entities, whether singular or plural, masculine or feminine, individual or corporate, incorporated or unincorporated, and unlimited in any number, who were negligent in any manner whatsoever causing injury to Plaintiff.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. §1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interests and costs, and is between – (1) citizens of different States." This court has subject matter jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, diversity of citizenship exists as the Plaintiff is a citizen of Texas and the Defendants, including the named limited liability company Defendants, are citizens of Georgia and California.

7. Venue is in this court pursuant to 28 U.S.C §1391.

## FACTS

8. On or about April 26, 2018, Plaintiff was severely injured while working for Brock Services, LLC, on a construction job in Jackson County, Mississippi.

9. On or about April 26, 2018, Plaintiff was working in a safe and prudent manner on or around the job site when a bucket of tools was lowered by an employee/agent of Defendants on Plaintiff's head.

10. As a result of the lowered bucket, Plaintiff suffered injuries to his head, neck, back, upper extremities and lower extremities, and body as a whole.

11. The negligent actions and inactions by Defendants are the direct and proximate cause of the harm suffered by Plaintiff, including medical billing, pain and suffering, and all other damages under applicable law.

## CAUSES OF ACTION

I. Negligence

A. By Defendants Industrial and/or BrandSafway

12. Plaintiff hereby incorporate by reference the allegations contained in the above-mentioned paragraphs.

3

13. Defendants Industrial and BrandSafway were guilty of negligent acts and/or omissions which were the direct and/or proximate cause of the bucket striking Plaintiff and the resulting damages to Plaintiff, in one or more of the following ways:

   a. Failure to properly screen the backgrounds of its employees to insure that reasonably prudent laborers are employed at this site;

   b. Defendants failure to exercise reasonable care afforded and owed to Plaintiff while on the premises.

   c. Defendants negligently failed to monitor the premises for potential dangers to Plaintiff.

   d. Defendants negligently failed to have sufficient warning signs or tape to reasonably mark off the area.

   e. Defendants failure to erect barricades in this area.

   f. Defendants failure to properly secure the bucket and to control before lowering.

   g. Defendants failure to follows safety rules regarding securing and lowering tools on a job site.

   h. Defendants failure to install netting or other to catch falling objects before they are able to strike workers below.

   i. Defendants failure to keep proper lookout at all times.

   j. Defendants failure to barricade area and to warn Plaintiff of bucket above prior to bucket hung up and required manual release.

   k. Other acts of negligence which may be discovered in the course of this litigation.

14. As a direct and proximate result of the above mentioned negligence and breach of Defendants Industrial and/or BrandSafway, Plaintiff was harmed.

   B. By Defendant Chevron U.S.A. Inc.

15. Defendants failed to exercise reasonable care afforded and owed to Plaintiff while on the premises.

16. Defendants negligently failed to monitor the premises for potential dangers to Plaintiff.

17. Defendants failed to implement and or adhere to hazard prevention or control regarding to safety over the premises.

18. Defendants failed to barricade the subject area on the premises.

   C. By Defendant John and Jane Does 1-10

19. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

20. Defendant John and Jane Does 1-10 owed the same or similar duties to Plaintiff to prevent the bucket from striking Plaintiff.

21. Defendant John and Jane Does 1-10 were negligent in the handling of the bucket and said negligence proximately caused Plaintiff's injuries.

22. As a direct and proximate result of the above mentioned negligence and breach of Defendant John and Jane Does 1-10, Plaintiff was harmed.

   II.   Negligent Supervision/Training

23. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

24. Defendants Industrial and/or BrandSafway and Defendant Chevron owed a duty to properly supervise and train all employees and guests, in the scope and course of their employment including instruction and training on the use of reasonable safety precautions while handling equipment and tasks.

25. Defendants Industrial and/or BrandSafway and Defendant Chevron failed to ensure that its employees/guests followed company safety policies, procedures, and industry practices to prevent the injuries suffered by Plaintiff.

26. Defendants Industrial and/or BrandSafway and Defendant Chevron breached its duty by failing to properly instruct, train, or supervise personnel to keep the bucket under reasonable and proper control and provide warnings.

27. At all relevant times, Defendants John and Jane Does 1-10, were employees/ guests of Defendants Industrial and/or BrandSafway and Defendant Chevron, and were acting within the course and scope of their employment.

28. Plaintiff was directly injured by Defendants Industrial and/or BrandSafway's and Defendant Chevron's breach of its above-listed duties.

29. Defendants Industrial and/or BrandSafway and Defendant Chevron's breach of duty was a direct and proximate cause of the harm suffered by Plaintiff and but for this negligent conduct, the harm suffered by Plaintiff would have been avoided.

### III. Negligent Infliction of Emotional Distress

30. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

31. Defendants' negligent conduct was extreme and outrageous and said outrageous conduct caused Plaintiff severe emotional distress.

32. Defendants were negligent in part because Defendants knew or had reason to know of facts that created a high risk of harm to Plaintiff and negligently proceeded to act in conscious disregard of, or in extreme indifference to, that risk.

33. Due to the negligent conduct of Defendants, Plaintiff suffered and continues to suffer severe physical and emotional damage.

### IV. Respondeat Superior

34. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

35. At all relevant times, all its employees/agents, including Defendants John and Jane Doe 1-10 were performing work which benefited the Defendants.

36. Defendants John and Jane Doe 1-10 were at all relevant times acting within the scope and course of their duties as employees of the Defendants.

37. Based on the facts and circumstances then and there existing, Defendants are vicariously liable for the negligent conduct of their employees which caused injury to Plaintiff.

### PUNITIVE DAMAGES

38. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

39. The actions of the Defendants constitute gross negligence and/or reckless disregard for Plaintiff's safety.

40. Upon information and belief, Defendants Industrial and/or BrandSafway were grossly negligent in the creation and maintenance of the job site in question. Defendant failed to have proper warning signs in place to mark off unsafe areas that would prevent workers from being injured. Defendants' employees (and by extension

Defendants themselves) were recklessly inattentive to the presence of other workers on the job site, including Plaintiff.

41. Defendant Chevron played a key role in the gross negligence and/or reckless disregard that resulted in Plaintiff's injury. Defendant Chevron failed to ensure that the work being done at its facility was done in a reasonably safe manner. Defendant Chevron was recklessly inattentive in failing to take affirmative steps to remedy the dangerous work site.

42. As a result of this reckless inattention on the part of all Defendants, Plaintiff was struck in the head with a bucket that was being lowered and maneuvered with no regard for the danger it posed to Plaintiff on a job site that was not being properly managed by the owner of said job site.

43. At all times pertinent hereto, and with respect to all aforementioned causes of action, Defendants were grossly negligent and acted willfully, wantonly and in reckless disregard for the safety of Plaintiff and all at the jobsite.

44. Punitive damages are appropriate to punish the Defendants for their previously mentioned wrongful conduct and to deter Defendants from engaging in said wrongful conduct giving rise to this cause of action.

## DAMAGES

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, JOSE HERNANDEZ, demands judgment from INDUSTRIAL SPECIALISTS, LLC; BRANDSAFWAY, L.L.C.; CHEVRON U.S.A. INC.; and JOHN AND JANE DOES 1-10, and requests this Honorable Court to grant relief as follows:

   a. Economic and non-economic damages in an amount provided by law and to be supported by evidence at trial;

8

    b. Compensatory damages for pain and suffering, emotional and mental anguish, and loss of enjoyment of life in an amount to be determined at trial;

    c. At all times pertinent hereto, and with respect to all aforementioned causes of action, Defendants were grossly negligent and acted willfully, wantonly and in reckless disregard for the safety of Plaintiff. Punitive damages are appropriate in order to punish the Defendants for their previously mentioned wrongful conduct and to deter Defendants from engaging in said wrongful conduct giving rise to this cause of action;

    d. Reasonable attorney's fees, litigation expenses, expert witness fees, and cost of this litigation, together with all cost of court; and

    e. Past and future medical expenses/billing;

    f. Past and future pain and suffering;

    g. Past and future mental anguish and emotional distress;

    h. Past and future lost wages;

    i. Pre-judgment and post-judgment interest; and

    j. Any other relief to which Plaintiff may be justly and properly entitled, all within an amount within the jurisdiction of this Court.

45. That all matters prayed for that are triable by jury, be tried by a jury.

This the ___ day of November, 2020.

                                            Respectfully Submitted,

                                            JOSE HERNANDEZ, Plaintiff

                                            BY: _____
                                                     Darryl M. Gibbs

ATTORNEYS FOR PLAINTIFF:

Darryl M. Gibbs, Esq. (MSB #100232)
K. Caroline Boyd, Esq. (MSB #105802)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone: (601) 948-8005
Facsimile: (601) 948-8010
dgibbs@cglawms.com
cboyd@cglawms.com

John D. Giddens (MSB #9357)
John D. Giddens, P.A.
226 N. President St.
Jackson, MS 39201
Telephone: (601) 355-2022
Facsimile: (601) 355-0012
john@law-inc.com